Case number 14-5197, William Lawrence v. Commonwealth of Kentucky. Our meeting time is 15 minutes per side. Mr. Adams, you may proceed for the appellate. Good morning, Your Honors. Thank you for agreeing to provide us this opportunity for oral argument. This case is a dispute over who gets to keep a good-faith deposit of nearly $1 million paid in connection with the real estate purchase agreement. We represent the bankruptcy trustee who has brought a turnover action under Bankruptcy Code 542 seeking to recover the deposit currently controlled by the Kentucky Transportation Cabinet. The bankruptcy court held that turnover is warranted if the trustee can show the deposit as property of the estate under Section 541A of the Bankruptcy Code. There are three parts to our argument as to why the deposit is property of the bankruptcy estate and that the bankruptcy court erred in not so holding. The first point is the parties agree that the real estate purchase agreement in question is executory and has been rejected. This real estate purchase agreement had only one default and remedy provision providing that if the debtor did not complete the purchase of the property by a scheduled closing date then the entire nearly $1 million deposit would be forfeited to the Transportation Cabinet. This executory provision was rejected and the Transportation Cabinet lost its only means of obtaining the forfeiture of the deposit. The second point we would like to make is the non-executory provisions or as this court has referred to it, the fully vested provisions do not provide for what happens to the deposit. No language provides the deposit is not refundable, an earned fee or has been transferred to the Transportation Cabinet. Furthermore, the Transportation Cabinet's own procedures for handling the deposit, the deposition of the Transportation Cabinet's accounting officer and the internal accounting memorandum evidence that the deposit has not been transferred to the Cabinet. Section 365, though, doesn't rewrite the contract between the parties, does it? And didn't the language of the purchase agreement say that if the transaction wasn't completed that it would be forfeited? No, the only provision in the contract where it said that was in the default provision and that provision only became effective if the closing did not occur at the scheduled closing date. And the closing did not occur on the scheduled closing date. That's correct, but that was an executory provision and so that provision is no longer effective under 365. So basically you're saying there's this contract but parts of it are just sort of erased. Correct, yes, that's correct. And so what we've got is what's left and what's left is we give you a deposit and of course there's provisions which say what happens, but those provisions you say are erased so it's just we give you this deposit basically, right? It says we've made a deposit to be held pending the closing date is what the specific language of the purchase contract states. So in that point in time... So you're saying that language says we get it back at the closing date? No, it doesn't. It doesn't say that. It says we give you this money as a deposit. It says we've paid this deposit in connection with purchasing a real estate parcel. And so it's sort of a funny way to read it. I'm not an expert on bankruptcy law. I'm far from it. But if the way we're supposed to read it is that it doesn't have those provisions, then you're left without provisions for saying when you get it back. Correct. So it's just a contract that says we're giving you some money. I don't see why that means you now possess it. Someone else possessed it pursuant to a contract by which you gave it. The terms that are left are there's nothing that says it gives it to the state or we get to keep it. It doesn't say one way or the other. It doesn't say one way or the other. So it's theirs then, right? No, it's under... I mean, we're sort of talking about an esoteric, non-real kind of contract. Right. We're left with those... Cut some language out of it. But if you do, it just looks like here we give you some money. Yeah, but we're not getting anything for it. And so what we do is we look at Kentucky property law. Is that your argument? Yeah, we haven't gotten any consideration for this money. If we just give it to them, then it's a gift. And so we're not trying to do that. That was never the intent. Is there precedent for saying that when provisions of contracts are deemed no longer part of the contract pursuant to this provision that you argue, that that keeps the rest of the provisions from having been for consideration? That would be surprising. No, the completed provisions, the non-executory provisions, still remain in place. And there's nothing that says what happens... So it's not like the contract is void for lack of consideration or anything like that. It could be void because there is no provision for them just providing money to someone else for no particular reason. We're not arguing that. But we're not arguing that. We're arguing that because we're sitting there at this point, we're arguing that there's an equitable right under Kentucky contract law to recover that deposit. If we're at a point in time where there's... A contract to recover is not the same thing as that it's your property now. I mean, the whole idea of bankruptcy law is to figure out what to do with all these contracts. Right, right. But the cabinet also doesn't have possession of it. It's held by the Kentucky Finance Cabinet. Is that your argument then? It's just in a different part of the state? No, it's not held by... It was never transferred to the cabinet. It's held by somebody else, a separate statutorily created entity. Somebody else that it's holding. Somebody else's Kentucky... The check was actually made out to the Kentucky State Treasurer. It was not made out to the Kentucky... The state of Kentucky or another office of the state of Kentucky? Correct. It's a different office. Is that your argument that these are two different offices? Is that the thrust of your argument then? No, the thrust of our argument is the remaining provisions don't provide which way the deposits will be handled if they fail. The trouble I'm having with that is if you just accept that argument for the moment, it just leaves a rump agreement, right? Correct, but that's... The rump agreement says we give you the money. That's what the Sixth Circuit has held in leasing services and it says you just have to deal with the provisions that are remaining, that were non-executable. What's remaining is a contractual provision which says we pay you this money. Is that right or wrong? That's what's holding me up in this case. It sounds like it's a rump provision that says we give you this money and you argue that you have a contract right to get it back, but you've got to argue more than you have to have a contract right to get it back. You have to argue that you have the instant... It's like a bank deposit that's really yours, but there's nothing in the contract which says that. We've provided a good-faith deposit in connection with the real estate purchase contract, and the real estate purchase contract, with that good-faith deposit, gives us the right to purchase the property. That contract fails by the effective non-performing provisions of the executory contract, and so therefore all we've done is provided a good-faith deposit for something now that cannot occur. We've not just paid over money. Okay, so you say that, well, this language reads as follows. The purchaser agrees the above-mentioned good-faith deposit will be forfeited to the seller as liquidated damages if the purchaser fails to consummate the sales transaction as agreed. The sale did not take place. So in light of that language, what interest do you assert still existed that would make that deposit part of the 541 estate? What's the interest, legal or equitable, in that deposit that still reposes in the... There's two different interests you can look at. The first is an equitable interest under Kentucky contract law, and under Kentucky contract law, if you've provided a good-faith deposit and you've not gotten anything for it, then you're entitled to get it back. And so there are several cases that state that. But you've got something for it. You've got the right to purchase the property. We had the right to purchase the property, but we didn't just turn over the deposit. If they had never given us the property and we had turned over the deposit, so the contract failed, and so we're entitled to get the money back because we're the only performing party. We're not in breach, nor is the state. Neither side is in breach. But we're in a position where what happens to that deposit when there's no contractual provision directing where it goes and there's nothing there. And so at that point in time, you look at who's the performing party. The performing party was the debtor in this instance, and they have equitable right under Kentucky law as contractual recovery because you've got to look outside the four corners of the contract of the remaining provisions. Let me ask you this. You indicated you had three arguments, and the first one had to do with the trustee rejecting the executory contract. Am I correct on that? Correct, correct. Now, what if he hadn't? What position would you be in? You would have had to assume the contract, and at that point in time you would have had the opportunity to assume the contract and then complete the closing. But you couldn't complete the closing. We could have had the state completed the interchange. We had gotten the property rezoned. That's a different issue on the thing. My point is that if the contract was in force, you weren't able to go through with it, and you would have no argument about getting the deposit back. Correct, but we never get to what happens in the future under 365. But it doesn't make sense. The trustee, when you reject a contract, you do it for the benefit of the state, not for the detriment of the state. Well, when we rejected it, it was for the benefit of the state. The only primary asset of the estate was the deposit, and so the deposit is the only way to provide out any payments to any unsecured creditors. I mean, he wouldn't have the deposit if you're correct. That's my point. Right. It would have gone out of the estate. So it was pretty clear. I mean, I don't think you're really arguing here today that you were in a position to complete that. You may blame others for the reason, but you weren't in a position to complete that contract. We had financing subject to get a building permit, and we did not get a building permit because the city of Middletown said that the interchange had to be built before it was completed. You've got a lot of reasons why, but the bare fact is you couldn't complete it. I don't know that for sure, yes. All right. The second point we had was that the non-executory provisions, which we've been kind of talking about, don't provide. They don't provide that the deposit is non-refundable. They don't provide that it's an earned fee or that it's already been transferred to the transportation cabinet. They just don't say. They just don't say. Correct. So that doesn't mean it's not the debtors either. It doesn't mean it's not, but it doesn't mean it is. Right. It's just the money. One person has the money, and the other person has a document which doesn't say whether it's his or not. Right. But if you look under 541A and the U.S. Supreme Court precedent in both Siegel and in U.S. Whiting Pools, you're intended to look at the 541A as broadly as possible, every conceivable interest. At the very least, there's a contingent interest in here for the debtor to recover the property because it doesn't say in the contract which way it goes. Contingent interest because it says nothing? Because it says nothing, yeah. Contingent interest is A strange way to read documents, isn't it? Well Here I have a document that says nothing. Pay me. I mean, you can't go into court that way, can you? I mean, I have a document that says nothing. Therefore, it doesn't say it's not my money. Give me the money. But bankruptcy policy repositions this, and they say, look, this is what's going to happen. We're going to get every broad conceivable property interest possible out there. So a trustee in bankruptcy can go against property and say, that's my property because I have a document that doesn't say anything? It has a document that he has an equitable right in under Kentucky contract law. He has a right to recover it. Why would we just simply Contract law is something you can sue on, though, right? I mean, you can have all kinds of contract obligations that you can sue on. It doesn't mean it's already yours and it becomes the property estate, does it? It means we have a I have a contract right to X for $30,000 in damage. That $30,000 is part of the bankruptcy estate already? We're not really here disputing over the amount. The amount's agreed to. I'm not talking about the amount. I'm talking about just the fact that you have a contract claim means that the amount of the contract claim is in the bank. I don't know bankruptcy law. Bankruptcy law, the policy behind 365 is to be able to reject those provisions that are onerous to the debtor. And so that's what happened here is they rejected it. And then that places the parties in a position where they have both non-executory provisions that are still in place, and you've just got to deal with what's there. Well, what's there is a good faith deposit was paid and there was a purchase price for a little under $5 million. That was all that was left. And so at that point, you look and you say, okay, hey, then who's entitled to this money? Oh, so the state gets it because they're holding a good faith deposit? I mean the language in the contract said held. And so that's where we're at. Okay. Thank you, Counsel. Thank you. Why shouldn't the money be in the bankruptcy estate? The money shouldn't be in the bankruptcy estate because the deposit itself is not property of the estate. The property interest of the debtor when they filed the action, when they commenced the bankruptcy case, was in the purchase agreement. They had a 365 interest in an executory contract that could assume and close a purchase agreement or could reject and walk away from the purchase agreement. The deposit that so much discussion is being made was fully integrated into the purchase agreement. If there was no deposit, there was no purchase agreement. There wouldn't have even been a consideration of the debtor's assinee's bid had the deposit not been made. When we look at what constitutes property of the estate and examine the debtor's interest in property, that's what comprises property of the estate, not the property itself.  What that requires this court, and as the lower courts have done, is to examine what was the debtor's interest in property when they commenced this action. It was a limited and conditional right to a credit towards the ultimate purchase price in the purchase agreement should they close the transaction. Should they decide not to close the transaction, they forfeit the deposit. It's clear as day in the purchase agreement. It's forfeited as liquidated damages. The debtor does not have to perform the future obligations. That's what the rejection is about. The rejection says, debtor, you do not have to perform your future obligations under this contract. It doesn't terminate. It doesn't rescind the past performance, which is what the trustee is asking this court to do, is to say that a rejection of a contract terminates and rescinds those provisions of the contract that are yet unperformed. But if the debtor had a right, an interest rather, in a credit of the $900,000-plus should the transaction have closed, isn't that interest consonant with the actual check that is sort of the manifestation of that amount? You're saying that he has an interest in a credit. The credit would be the deposit that was paid. So why isn't your adversary correct that the debtor still has some kind of legal or equitable interest in the deposit itself? I would equate it to, and maybe an analogy will work, when a debtor fills out their schedules, they will state that they own a vehicle, say a 2006 Toyota Corolla. They won't also list that they own an engine in the Corolla. The deposit is integrated into the purchase agreement. It's part of it. It's so important. It's a non-executory part of that contract. It is part of that purchase agreement. The debtor did maintain an interest in the purchase agreement. No one disputes that. We've all conceded that it was an executory contract. So that portion of the contract is no longer executory because the deposit has been paid. That's correct, Your Honor. Plus, the Cabinet has performed. For three and a half years from the time the contract was entered into, the Cabinet stood ready to transfer title and didn't sell the property to anyone else. That was the performance that the purchase agreement called for of the Transportation Cabinet. The Cabinet always stood ready to perform, and it was only when the Cabinet ceased to provide further extensions to the closing date that the bankruptcy case was commenced. The Cabinet would ask that this court consider the well-reasoned opinions and judgment of both the Bankruptcy Court and the District Court. As we've stated, those courts correctly concluded that the trustee who stands in the shoes of the debtor and only acquires the rights and interests in property as the debtor possessed at the time of the commencement of the case did not possess an interest which would entitle him to recover the deposit. What do you do with the argument that it's an escrow? Your Honor, that has been extensively briefed. There are very specific requirements under Kentucky law to create an escrow agreement. First of all, there has to be a contract for escrow. When you review the record, you'll see there is no mention of escrow. There's no mention that this was conditional holding of the property pending some future event. It does sound like it was sent to a different part of the government. The check was delivered as a fact. The check was delivered with the bid to the Transportation Cabinet. The check was made payable to the Kentucky State Treasurer. If you've ever owed taxes, I believe, Judge Rogers, you might be a Kentucky resident, if you've ever owed taxes to the Commonwealth of Kentucky, you make your check payable to the Kentucky State Treasurer. The check was delivered to the Transportation Cabinet with the bid. Escrow law specifically requires that the delivery be made to a third party. I think, as you astutely noted, it was delivered to the Cabinet, but even if it wasn't delivered to the Cabinet, it was delivered to another agency of the state, which is one sovereign under the law. Certainly, it has different departments responsible for different functions of government, but the argument that it's held in escrow just carries no water. What about this contract for deed argument? The contract for deed argument, quite frankly, also carries no water. Your typical contract for deed arrangement is the purchaser under a contract for deed has immediate rights of possession in the property. You take possession. You pay installment payments over time. At the conclusion of that time period, deed is delivered. In this case, the debtor entered into your typical earnest money deposit real estate contract, had no rights of possession until the final closing would occur, and also there was no installment payments over time. This was a deposit, and at a certain closing date, the balance had to be paid. And I think when you review Sebastian v. Floyd, the case on which the trustee relies, you will see that Sebastian v. Floyd court specifically stated that their holding should not have an impact on your typical earnest money deposit real estate contract. Basically, what you're saying is that this money, in effect, paid for the states not selling this to someone else for a period, and they got that. Well, it paid for that, but it also paid for the, just like any deposit in any real estate contract, it pays for the risk of non-performance and for liquidated damages in the event that the property declines in value over time, should it have to be resold. In this case, as it turns out, the property was resold, I believe in 2013, for approximately $4 million, a substantial amount less. Now, obviously, when you look at the timeline of events here, when this contract was entered into, it was the summer of 2007, and I think everyone in this room is well aware of what happened towards the end of 2007, both with respect to real estate values and commercial development in general. So that deposit was a pre-agreed liquidated damages provision to protect against the risk of the parties not reaching the closing table. Any questions? Thank you, counsel. Thank you very much. The point's been made that the deposit was just went ahead and moved over to the state pretty much as soon as it was paid. If the Kentucky Transportation claims that the deposit has already been transferred to it, as has no independent property status, or is inseparable from it, if that was the case, then why was the forfeiture provision even needed? I mean, it doesn't make sense that the forfeiture provision would even be in there, because if it was just a payment over to them, then it was done, it was over with. So why would you have to have the forfeiture provision? The second point is that the counsel said that there was only a single property interest. The case that cites that is the Sixth Circuit case in Wine Garden, except in that very case, there's not a single property interest when they say it's an executory contract. The same case in the paragraph above says that a leasehold interest is also another property interest. So you don't just limit property interest to one thing. They don't just cure that. And then in inseparable under Kentucky law, you look at what the intentions were of the parties, the objects to be obtained, and the common sense of the situation. And in this case, the common sense of the situation was that we're trying to buy real estate. We're not trying to give the state a million-dollar deposit. And yeah, we did sue them, and they were able to use sovereign immunity, saying we have to sue them in Franklin Circuit for some of those actions in there. Do you still have that option? Yes, I think so. And then finally on the contract for deed, they say, oh, well, you had to have immediate possession of the property. Well, if no one had possession of the property, then that's the only point they're saying. They're saying that we had to have immediate possession of the property. I guess they're saying they had possession of the property. But you have an entity, a state agency, not disclosing a $2 million dumping problem on a purchase price of $5 million. I mean, it's just unfair. And so that's why our group also spent four years before filing bankruptcy trying to figure out how to do it, to get it done, and they just couldn't get around the impasse. There could be unfair. Limited resources, that's what bankruptcy is all about. Correct. Putting it in the bankruptcy estate gives other creditors the chance at it, right? Right. You're not talking, somebody's going to lose out whenever there's a bankruptcy. Right, right. So just saying that some people are going to lose out. But rejection is the unfair thing to say that they don't want to have to deal with. Okay. Thank you, Counsel. Thank you. Any questions? No. Thank you. The case will be submitted. It's an interesting case. Please call the next case.